Court of Appeal, Parish of Orleans.

## JOSEPH C. MAURER VS. ANTHONY VIZARD.

1. Where the claim sued upon in both suits is identical, neither error as to form of action nor the final rejection of the demand in the first suit will avoid the interruption of prescription, which recommences to run only from the cessation of the interruption.
2. The other issues involved are of fact only.

Appeal from Civil District Court, Division "D."

W. J. & P. F. Hennessey, for Plaintiff and Appellant.

McCloskey & Benedict, for Defendant and Appellee.

DUFOUR, J. When this cause was originally before us, we found that the plaintiff has failed to prove the contract declared upon, and we gave judgment dismissing his suit, but reserving to him the right to claim of defendant by proper proceeding such items therein sued on as may be shown to have been necessary for the work and to have enured to the benefit of defendant or his property.

3 Court of Appeal, 151.

The present suit, renewing the demand under our reservation, *on a quantum meruit* was met with a denial of liability except for rental of ladders, ropes, tools, etc., to the extent of $50, which, with costs up to date, were tendered and deposited in the registry of the Court.

There was also filed a plea of prescription of one, three and five years, except as applicable to the claim made for the use of the ladders and ropes.

Though not specifically mentioned in the plea, the prescription apparently intended is that of three years under Art. 3538 R. C. C.

The plea was erroneously sustained.

Where the claim sued upon in both suits is identical, neither error as to the form of action, nor the final rejection of the demand in the first suit will avoid the interruption of prescription which recommences to run only from the cessation of the interruption.

2 M. 83; 17 La. 216; 4 An. 467; 10 A. 327; 13 An. 57.

The cause having been regularly tried on the merits and all of the evidence in both suits being in the record, we shall proceed to consider the various items claimed. (24 An. 223.)

The claims for Maurer's personal compensation and traveling expenses is rejected; the work was done by the day under the supervision of Jenkins, the architect's representative, and of Burkhard, plaintiff's paid foreman, and Maurer's presence in Mobile was not necessary.

The testimony of the expert boss painters as to the value of the rental of the ladders. etc., is so extravagant as to refute itself, their estimate of the value of the use for a few months exceeds the cost price of the articles.

The evidence does not satisfy us that the painters, in the number required, could have been procured in Mobile; hence Maurer should receive reimbursement for their traveling expenses paid by him.

In our first opinion we said:

"It is but just to say that the record shows that, though strenuously resisting liability under the alleged contract, the defendant has evinced a disposition to make proper return for value received."

Referring to that record, we find that the defendant's representative volunteered with frankness the following statement:

"Mr. Maurer then denounced Mr. Wilcox for leaving him in such a position and asked me couldn't I do something for him. I told him I was advised he had no claim at all, but it looked to me like he was entitled to something. His bill was right before me and I figured on it and offered him first $200 and then $250."

We think this furnishes a fair basis for substantial justice.

The defendant died before the hearing and his representative were made parties.

The judgment is amended so as to read as follows:

It is ordered, adjudged and decreed that there be judgment in favor of plaintiff, Joseph C. Maurer, and against the defendants, William Vizard, Celia Vizard, Cora Vizard, wife of J. C. Finney, Jr., Anthony J. Vizard, and Florence Vizard, minor, represented by Mrs. Florence T. Vizard, each for his or her virile portion for the sum of two hundred and fifty dollars

($250), with legal interest from judicial demand until paid, and that, as amended, the judgment be affirmed, defendant to pay costs of both Courts.

December 7, 1908.